Date of Sentence January 6, 1989 Date of Application January 6, 1989 Date Application Filed January 6, 1989 Date of Decision October 27, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven. Docket No. CR6-283301;
James A. Shanley, Defense Counsel, for Petitioner
 Robert O'Brien, Assistant State's Attorney, for the State.
BY THE DIVISION
Ralph Vaughn received a sentence of ten (10) years for violation of Conn. Gen. Stat. 21a-278(b) after a jury found him guilty. He was charged as a result of an undercover police purchase of what later proved to be heroin from the petitioner. After the purchase, he was stopped by the police to ascertain his identity and at a later time his photograph was viewed along with six other black males' photographs and identified by the undercover officer.
This twenty-six year old has a criminal record which goes back to 1979. At the time of this offense he was on probation although his first reporting date had not yet arrived when he was arrested. His sentence was half the maximum penalty and twice the minimum mandatory sentence. It is the minimum mandatory portion of the statute which is the focus of the petitioner's claim. He argues that had his attorney informed him of the five-year minimum for non-drug dependent persons he would have offered evidence of his drug dependency. This argument was presented at sentencing and petitioner raises it now before the CT Page 10594 division. His attorney argues that his client would have negotiated a plea agreement under Conn. Gen. Stat. 21a-277(a) had he been aware of the minimum sentence for non-drug dependent persons. His request is that this division reduce his sentence by two or three years.
The state urges us to refrain from modification of the sentence as it was fair for a person of his criminal background and in light of the potential maximum sentence of twenty (20) years.
The division does not serve in the capacity of a habeas court and our appellate authority is limited to reconsideration of the sentence. Our review is defined in P.B. Sec. 942 and Conn. Gen. Stat. 51-196. We review sentences imposed to determine if they are disproportionate or excessive. "The purpose and effect of the Sentence Review Act is to afford a convicted person a limited appeal for reconsideration of his sentence." State v. Nardini, 187 Conn. 109, 121 (1982). In this case, we conclude that the sentence imposed was proportionate and not excessive in view of the petitioner's extensive criminal record and offense for which he was found guilty by the jury.
The sentence is affirmed.
Stanley Purtill Norko